UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COOPER-STANDARD
AUTOMOTIVE, INC.,

    Plaintiff,

v.

AMPHENOL THERMOMETRICS, INC., *et al.*,

    Defendants.
_____/

Case No. 22-cv-11083
Hon. Matthew F. Leitman

## ORDER GRANTING PLAINTIFF LEAVE
## TO FILE A FIRST AMENDED COMPLAINT

On May 18, 2022, Plaintiff Cooper-Standard Automotive, Inc. filed this action against Defendants Amphenol Thermometrics, Inc. and Amphenol Advanced Sensors Puerto Rico, LLC (collectively, "Amphenol"). (*See* Compl., ECF No. 1.) Cooper-Standard alleges, among other things, that Amphenol beached the parties' contract and breached certain warranties. (*See id.*)

On June 13, 2022, Amphenol filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). (*See* Mot. to Dismiss, ECF No. 7.) One of bases for dismissal is that Cooper-Standard has failed to plead sufficient facts to state viable claims under the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). (*See, e.g., id.* at 121-122.)  Amphenol further argues that Cooper-Standard's

1

"Complaint collectively groups and refers to both Defendant Amphenol Thermometrics, Inc. and Amphenol Advanced Sensors Puerto Rico, LLC as 'Amphenol' without ever distinguishing separate acts or claims against the individual Defendants, thus precluding Defendants and this Court from conducting the necessary individualized inquiry into each Defendant's alleged liability." (*Id.*, PageID.127-128.) Amphenol therefore insists that Cooper-Standard has not provided "fair notice" of its claims under Federal Rule of Civil Procedure 8(a). (*Id.*, PageID.129-130.)

Without expressing any view regarding the merits of the motion to dismiss, the Court will grant Cooper-Standard the opportunity to file a First Amended Complaint in order to remedy the alleged deficiencies in its allegations identified by Amphenol in the motion to dismiss. The Court does not anticipate allowing Cooper-Standard another opportunity to amend to add factual allegations that it could now include in its First Amended Complaint or to address Amphenol's "fair notice" argument. Simply put, this is Cooper-Standard's opportunity to amend its allegations to cure the alleged deficiencies in its claims.

By **June 27, 2022**, Cooper-Standard shall file a notice on the docket in this action notifying the Court and Amphenol whether it will amend the Complaint. If Cooper-Standard provides notice that it will be filing a First Amended Complaint, it shall file that amended pleading by no later than **July 11, 2022**. If Cooper-Standard

provides notice that it will not be filing a First Amended Complaint, it shall respond to the motion to dismiss by no later than **July 11, 2022.**

Finally, if Cooper-Standard provides notice that it will be filing a First Amended Complaint, the Court will terminate without prejudice Amphenol's currently-pending motion to dismiss as moot. Amphenol may re-file a motion to dismiss directed at the First Amended Complaint if Amphenol believes that such a motion is appropriate after reviewing that pleading.

**IT IS SO ORDERED.**

Dated: June 14, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 14, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3